Manjit Singh BHATIA,
Plaintiff-Appellant,

v.

CHEVRON U.S.A., INC.,
Defendant-Appellee.

No. 83–2275.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1984.

Decided June 12, 1984.

William C. McNeill, III, Pearl, McNeill, Gillespie & Standish, Oakland, Cal., for plaintiff-appellant.

Anne E. Libbin, William Gaus, Michael Salinsky, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant-appellee.

Before SNEED and FLETCHER, Circuit Judges, and QUACKENBUSH,* District Judge.

PER CURIAM:

Bhatia sued Chevron under Title VII, 42 U.S.C. § 2000e–2 (1982), claiming that

---

* Hon. Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation.

Chevron had discriminated against him on the basis of his religion. The parties filed stipulated facts, and the district court awarded summary judgment to Chevron. Bhatia appeals.

In 1982, Chevron adopted a safety policy designed to comply with standards promulgated by California's Occupational Safety and Health Administration. Chevron's policy required all employees whose duties involved potential exposure to toxic gases to shave any facial hair that prevented them from achieving a gas-tight face seal when wearing a respirator. Chevron announced that it would test all affected employees with respirators to confirm that they could achieve a gas-tight seal. Chevron terminated three employees for refusing to shave.

All machinists were included in the category of affected employees. Machinists' duties include field work involving potential exposure to toxic gases and shop work involving exposure to other hazardous substances. Chevron also relies on its machinists as a labor pool for emergency fire fighting, toxic gas containment, and rescue in the event of an accident. Not all machinists perform tasks requiring the use of respirators. Because the assignment of particular machinists to particular tasks is unpredictable, however, Chevron requires each machinist to be able to use a respirator safely.

Bhatia had been working as a machinist for several years at the time Chevron adopted its safety policy. He informed Chevron that he could not comply with its policy because he was a devout Sikh and the Sikh religion proscribes the cutting or shaving of any body hair. Chevron processed an application to transfer Bhatia to a job that would not require use of a respirator and suspended Bhatia without pay until it could find a position for him. After six weeks, Chevron advised Bhatia that it could not find a position that paid as much as Bhatia's machinist job but did not require use of a respirator. Chevron then searched for a lower paying position. The following month, Chevron offered Bhatia three clerical jobs. Bhatia refused all three. He asked Chevron to permit him to resume work as a machinist, noting that in the years he had held the position, he had not been required to use a respirator. Chevron then offered Bhatia a janitorial position that paid 17% less than a machinist's wage. Bhatia turned the job down. Chevron asked Bhatia to reconsider, and promised to return him to a machinist position if respiratory equipment were developed that could be used safely with a beard. Bhatia initially refused to take the position unless Chevron could guarantee his return to a machinist position within six months. When Chevron refused to make that promise, however, Bhatia accepted the transfer to the janitorial job.

Bhatia established a prima facie case of religious discrimination by proving that he had a bona fide belief that shaving his beard would be contrary to the Sikh religion, that he informed Chevron of his belief, and that Chevron thereafter removed him from his machinist job. *See Burns v. Southern Pacific Transportation Co.*, 589 F.2d 403, 405 (9th Cir.1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). The burden then shifted to Chevron to establish that it made good faith efforts to accommodate Bhatia's religious beliefs, and that to the extent that its efforts were unsuccessful, further accommodation would have caused it undue hardship. *Id.; see TWA v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). Chevron has sustained that burden.

Chevron suspended Bhatia without pay, although it terminated his coworkers who refused to shave. Chevron then actively sought an alternative job for Bhatia and offered him four different positions. Chevron, in addition, promised to return Bhatia to his old job if a respirator were developed that would be safe for him to use. Bhatia argues that these actions are insufficient to constitute reasonable accommodation because Chevron rejected the option of retaining him in a machinist position. We disagree. We hold that on the facts before us, Chevron has established that retaining Bhatia as a machinist unable to use a respirator safely would cause undue hardship.

An employer may prove that an employee's proposal would involve undue hardship by showing that either its impact on coworkers or its cost would be more than *de minimis.* *Yott v. North American Rockwell Corp.*, 602 F.2d 904, 908 (9th Cir.1979), *cert. denied*, 445 U.S. 928, 100 S.Ct. 1318, 63 L.Ed.2d 761 (1980). Chevron has established that if it were to retain Bhatia as a machinist and assign him to duties involving exposure to toxic gas, it would risk liability for violating California Occupational Safety and Health Administration standards. If, on the other hand, it retained him as a machinist and directed his supervisors to assign Bhatia to only such duties as involved no exposure to toxic gas, the burden would be twofold. First, Chevron would have to revamp its currently unpredictable system of duty assignments to accommodate the need for predicting whether particular assignments involved potential exposure to toxic gases. Second, Bhatia's coworkers would be required to assume his share of potentially hazardous work. Title VII does not require Chevron to go so far.

AFFIRMED.