Don M. WEBER II, Plaintiff,

v.

LEASEWAY DEDICATED LOGISTICS, INC., Defendant.

No. Civ.A. 97–2209–GTV.

United States District Court, D. Kansas.

May 15, 1998.

---

Carl A. Gallagher, McAnany, Van Cleave & Phillips P.A., Kansas City, KS, Theodore J. Lickteig, Overland Park, KS, for Plaintiff.

Leonard Singer, Paula E. Hosler, Bioff, Singer & Finucane, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VAN BEEBER, Chief Judge.

Plaintiff brings this action claiming that defendant subjected him to religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that defendant discriminated against him by refusing to hire him unless he provided defendant with his social security number. The case is before the court on plaintiff's motions (Docs. 41, 43) for partial summary judgment and defendant's motion (Doc. 45) for summary judgment. For the reasons set forth below, defendant's motion for summary judgment is granted, and plaintiff's motions for partial summary judgment are denied as moot.

## I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

## II. FACTUAL BACKGROUND

The following facts are either uncontroverted or are based on evidence submitted in summary judgment papers viewed in a light most favorable to the plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff stated in his deposition that he believes the social security number is a reflection of the mark of the beast as described in the Book of Revelations. Plaintiff further stated that the mark of the beast is to be a spiritual agreement with Satan and that receiving the mark of the beast is indicative of a lack of faith and trust in God and dooms the recipient to eternal life in Hell. In 1995, as a result of his alleged beliefs, plaintiff surrendered his social security number that he had been using for the previous thirty years.

Defendant now attempts to refute the sincerity of plaintiff's beliefs by offering a nineteen-page document that plaintiff sent to the Social Security Administration when he surrendered his social security number. The document never refers to any religious belief and asserts political and governmental objections only.

On April 29, 1996, plaintiff applied for a position as a truck driver with defendant. The employment application requested the applicant's social security number. Plaintiff wrote in the blank "none for religious reasons." Plaintiff, however, did produce his birth certificate and commercial driver's license the day he applied.

After reviewing plaintiff's application, defendant refused to hire him because he did not provide a social security number. Defendant did not offer to plaintiff any accommodation for his claimed religious belief. Defendant told plaintiff that he would not be hired without a social security number and made no inquiry regarding plaintiff's religious beliefs. Plaintiff refuses to apply for a social security number.

## III. ANALYSIS

Plaintiff's Title VII religious discrimination claim must be analyzed under a two-step burden-shifting approach. *See Toledo v. Nobel–Sysco, Inc.,* 892 F.2d 1481, 1486 (10th Cir.1989). First, the employee has the burden to establish a prima facie case of discrimination by showing that (1) he has a bona fide religious belief in conflict with an employ-

ment requirement, (2) he informed the employer of the belief, and (3) he was not hired because he failed to satisfy the requirement. *Id.* If the employee meets his burden, the employer then has the burden to prove that it was unable to reasonably accommodate the employee without undue hardship. *Id.*

Defendant asserts two challenges to plaintiff's prima facie case. First, defendant contends that plaintiff's alleged belief that the social security number represents the "mark of the beast" is not a bona fide religious belief. Second, defendant contends that the requirement to provide a social security number is not its requirement as an employer, but a requirement imposed by law.

■ Plaintiff contends that the use of a Social Security number represents the mark of the beast as described in the Book of Revelations of the Holy Bible. Plaintiff provides evidence that he surrendered his social security number in 1995 and that he believes the number represents the mark of the beast. The court concludes that plaintiff has offered sufficient evidence to create a genuine issue of material fact whether he has a bona fide religious belief prohibiting his use of a social security number. *See Callahan v. Woods,* 658 F.2d 679, 683–86 (9th Cir.1981) (recognizing same conviction as sincerely held religious belief); *Stevens v. Berger,* 428 F.Supp. 896, 901–05 (E.D.N.Y.1977) (same).

Plaintiff also must show that having a social security number is a requirement for employment with defendant. Defendant argues that the Internal Revenue Service (IRS) and the Department of Transportation (DOT), not defendant, require an employee to have a social security number. The court agrees. The IRS requires every employee to have a social security number.[1] Both the employee and the employer are subject to potential penalties from the IRS for not reporting the employee's social security number. *See* 26 U.S.C. §§ 6721, 6722, 6723. The penalties may be waived for reasonable cause, 26 U.S.C. § 6724(a), but plaintiff admits that there is no legal authority suggest-

ing that religious beliefs will be considered reasonable cause.

Plaintiff does not contest that he was applying for a position as a commercial motor vehicle driver. The DOT requires every applicant for a commercial motor vehicle driver position to submit an application including the person's social security number. 49 C.F.R. § 391.21(a) & (b)(2) (1997). Plaintiff argues that, under 49 C.F.R. § 10.29(a), he may not be deprived of any rights, benefits, or privileges as a result of his refusal to disclose his social security number. That provision, however, does not apply to "any disclosure which is required by Federal statute." 49 C.F.R. § 10.29(b)(1). Here, plaintiff is required by statute to disclose his social security number on his application. *See* 49 U.S.C. § 31135 (each employer and employee shall comply with department regulations regarding commercial motor vehicle safety); 49 C.F.R. § 391.1(a) (rules in this section establish minimum qualifications for drivers). Thus, the requirement that an employee have a social security number is a requirement imposed by law, not a requirement imposed by defendant. *See EEOC v. Allendale Nurs. Ctr.,* 996 F.Supp. 712, 716 (W.D.Mich.1998). Accordingly, plaintiff has failed to establish a prima facie case of religious discrimination.

■ If plaintiff had established a prima facie case, defendant would then have the burden to show that it reasonably accommodated plaintiff or that any accommodation would cause defendant to suffer undue hardship. "[T]he extent of undue hardship on the employer's business is at issue only where the employer claims that it is unable to offer any reasonable accommodation without such hardship." *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 68–69, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986). If an employer shows undue hardship, it need not show that it even attempted to accommodate the plaintiff. *Toledo v. Nobel–Sysco, Inc.,* 892 F.2d 1481, 1490 (10th Cir.1989). Here, defendant contends that it cannot accommodate plaintiff without undue hardship.

---

1. In certain circumstances, none of which are present here, employees may use other types of taxpayer identification numbers. *See* 26 U.S.C. § 6109(d); 26 C.F.R. § 301.6109–1(a)(1)(ii) (1997).

 An employer suffers undue hardship if the accommodation requires it to bear more than a de minimus burden. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). For example, an accommodation causes undue hardship if it requires the employer to subject itself to a potential fine. *See Lee v. ABF Freight Sys., Inc.*, 22· F.3d 1019, 1023 (10th Cir.1994) (potential fine resulting from violation of collective-bargaining agreement). Likewise, undue hardship is shown if an accommodation would cause the employer to violate the law. *See Hovda v. Gregoire*, No. 96–35312, 1996 WL 481795, at *1 (9th Cir. Aug.26, 1996) (federal statute and regulations); *United States v. Board of Educ.*, 911 F.2d 882, 891 (3d Cir.1990) (state statute); *Bhatia v. Chevron U.S.A., Inc.*, 734 F.2d 1382, 1384 (9th Cir.1984) (state regulations).

Plaintiff argues that defendant could reasonably accommodate his refusal to get a social security number because the IRS grants waivers from penalties upon showing a reasonable cause and an absence of willful neglect. The court, however, need not address plaintiff's arguments because defendant faces potential liability under the DOT regulations.

 Under the DOT regulations applying to drivers of commercial motor vehicles, an employer is required to maintain a record for each driver, including the employment application filled out in compliance with the regulations. 49 U.S.C. § 31135; 49 C.F.R. § 391.51(c)(2). As stated previously, the employment application must include the applicant's social security number. 49 C.F.R. § 391.21(b)(2). If an employer violates the requirement, it may be subject to civil penalties of up to $2500. 49 U.S.C. § 521(b)(2)(A). If the employer knowingly violates the requirement, it may be subject to criminal penalties up to $25,000. 49 U.S.C. § 521(b)(6). Employing plaintiff without his social security number would amount to an undue hardship. Accordingly, plaintiff's claims are dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment is granted, and plaintiff's motions (Docs. 41, 43) for partial summary judgment are denied as moot.

**IT IS SO ORDERED.**

The case is closed.