**EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION, Plaintiff–Appellant,**

v.

**AUTONATION USA CORPORATION, Defendant–Appellee.**

No. 01–17064.

D.C. No. CV–99–01765–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 22, 2002.

Before McKEOWN and PAEZ, Circuit Judges, and HAMILTON,* District Judge.

MEMORANDUM**

In this employment discrimination case, the EEOC appeals the district court's order granting summary judgment in favor of AutoNation USA Corporation ("Auto-Nation"). The EEOC filed suit against AutoNation, contending that it violated Title VII by failing to reasonably accommodate the religious beliefs of Nicholas Thompson ("Thompson"), one of its former employees, after scheduling Thompson, a devout Christian, to work on Sundays. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Title VII of the Civil Rights Act of 1964 requires that employers provide reasonable accommodation to employees who have religious beliefs that conflict with their employment responsibilities, unless the employer can show that the accommodation would either unduly burden the employer or other employees. 42 U.S.C.A.

* Honorable Phyllis J. Hamilton, United States District Court Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2000e, *et. seq., as amended; Bhatia v. Chevron U.S.A., Inc.,* 734 F.2d 1382, 1383–84 (9th Cir.1984). Title VII religious discrimination claims are analyzed under a two-part framework under 42 U.S.C. § 2000e–2(a). *Lawson v. Washington,* 296 F.3d 799, 804 (9th Cir.2002); *see also Opuku–Boateng v. State of California,* 95 F.3d 1461, 1467 (9th Cir.1996). First, the employee must establish a prima facie case of discrimination by showing that: (1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed the employer of that belief and conflict; and (3) the employer threatened the employee with or subjected him to discriminatory treatment, including discharge, because of an inability to fulfill the job requirements. *Id.* at n. 9; *see also Bhatia,* 734 F.2d at 1383.

The burden then shifts to the employer to "prove that [it] made good faith efforts to accommodate [the employee's] religious beliefs and, if those efforts were unsuccessful, to demonstrate that [it was] unable reasonably to accommodate his beliefs without undue hardship." *EEOC v. Townley Eng. & Mfg. Co.,* 859 F.2d 610, 614 (9th Cir.1988) (citation omitted); *see also* 42 U.S.C. § 2000e–2(a)(1).

■ Here, for purposes of summary judgment, the district court assumed that the EEOC established a prima facie case of discrimination, but determined that AutoNation made good faith efforts to reasonably accommodate Thompson's religious beliefs, and that AutoNation would incur undue hardship in accepting Thompson's demands that he never work on Sundays. Assuming that the EEOC established a prima facie case, we agree that AutoNation made a good faith effort to reasonably accommodate Thompson.

■ This court has recognized that "Title VII is premised on bilateral cooperation." *American Postal Workers Union v.* *Postmaster Gen.,* 781 F.2d 772, 777 (9th Cir.1986); *see also Heller v. EBB Auto Co.,* 8 F.3d 1433, 1440–41 (9th Cir.1993). An employee, therefore, has a "concomitant duty ... to cooperate in reaching an accommodation [under Title VII]." *American Postal Workers,* 781 F.2d at 777. An employee's "correlative duty to make a good faith attempt to satisfy his needs *through means offered by the employer*" arises after the employer takes the " 'initial step' towards accommodating [the employee's] conflicting religious practice" by suggesting a possible accommodation. *Heller,* 8 F.3d at 1441–1442.

Here, AutoNation satisfied its initial burden by suggesting possible accommodations, including requesting existing employees to cover Thompson's Sunday shifts and potentially hiring a fourth service writer to reduce the number of Sunday shifts Thompson would be required to work. Thompson, however, short-circuited the interactive process required by Title VII, and to which AutoNation was entitled, by resigning on the *first* day that discussions ensued. AutoNation's suggested accommodations were never, therefore, given the opportunity to be implemented or tested. Thompson's resignation, while discussions regarding potential accommodations were ongoing and in their early stages, violated his correlative duty to make a good faith attempt to satisfy his needs. Accordingly, AutoNation is entitled to summary judgment on the EEOC's claims.

**AFFIRMED.**

PAEZ, Circuit Judge, dissenting.

Viewing the evidence in the light most favorable to the EEOC, as we must under FED. R. CIV. P. 56, there are genuine triable issues of fact as to whether AutoNation made good faith efforts to accommodate Thompson's religious beliefs.

Disputed issues of fact also remain with respect to whether an accommodation would have constituted an undue hardship on AutoNation and its employees. Without resolving the factual disputes regarding whether a reasonable accommodation was even offered, I cannot agree with the majority that Thompson short-circuited the accommodation process and therefore I respectfully dissent.

Contrary to the majority's characterization of the accommodation issue as arising the same day that Thompson resigned, Thompson testified at his deposition that he attempted to initiate discussions regarding a reasonable accommodation in mid-March as soon as he learned of the new schedule requiring him to work on Sundays. According to Thompson, despite his request for some kind of accommodation before Easter Sunday, AutoNation refused to engage in any discussions about accommodation until he returned after missing work on Easter Sunday. Thompson further testified that he recalled his supervisor, Jim Allen, telling him on the day he returned to work (and the day that he resigned) that "there was just no way they could make an accommodation for me and not everyone else."

Thompson also raised material issues of fact as to whether a viable shift swap was ever offered to his co-workers. According to Thompson's version of the facts, the other two service writers were asked to work all of his Sundays without an offer to swap a Sunday with an equally undesirable day, such as a Saturday or holiday. Furthermore, Thompson testified that he was never informed of any shift swapping attempt. With respect to the offer to hire a fourth service writer, there are material issues of fact as to whether this was actually proposed as an offer rather than a speculative statement that would not have reasonably accommodated Thompson's religious beliefs.

Because there are genuine material issues of fact as to what means of accommodation were actually offered by AutoNation, we cannot determine if Thompson satisfied his "correlative duty to make a good faith attempt to satisfy his needs *through means offered by the employer.*" *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1440–41 (9th Cir.1993) (internal citations omitted). Therefore, I would reverse the district court's summary judgment and remand for a trial to resolve these disputed issues of fact.