# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3014MN

_____

Ron Seaworth,                                    *
                                                 *    On Appeal from the United
               Appellant,          *    States District Court
                                                 *    for the District of
     v.                             *    Minnesota.
                                                 *
Bob Pearson; Pearson Autobody,                   *    [Published]
                                                 *
            Appellees.             *

_____

Submitted: February 1, 2000
    Filed: February 24, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Ron Seaworth appeals from the District Court's[1] order granting judgment on the pleadings in favor of defendants in this employment discrimination action. We affirm.

In his complaint, Seaworth asserted that defendants discriminated against him because of his religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., when they refused to hire him unless he provided his social

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

security number (SSN). Seaworth refuses to use an SSN because he claims it represents the "mark of the beast" as described in the Christian Bible's Book of Revelation.

To establish a prima facie case of religious discrimination under Title VII, Seaworth had to show (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) Seaworth informed defendants of his belief; and (3) defendants did not hire Seaworth because he did not comply with the requirement. See Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1486 (10th Cir. 1989), cert. denied, 495 U.S. 948 (1990); cf. Wilson v. U.S. West Communications, Inc., 58 F.3d 1337, 1340 (8th Cir. 1995) (elements of prima facie case of religious discrimination in disciplining employee). Once a plaintiff establishes a prima facie case, the burden shifts to the employer to show that accommodation would result in undue hardship to the employer. See Nobel-Sysco, Inc., 892 F.2d at 1486; Wilson, 58 F.3d at 1340; 42 U.S.C. § 2000e(j) ("'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business").

Assuming, without deciding, that Seaworth established a bona fide religious belief, we agree with the District Court that the IRS, not defendants, imposed the requirement that Seaworth provide an SSN. See 26 U.S.C. § 6109. Thus, Seaworth's beliefs do not conflict with an employment requirement, see E.E.O.C. v. Allendale Nursing Ctr., 996 F. Supp. 712, 717 (W.D. Mich. 1998) (requirement that employee obtain SSN is requirement imposed by law, not employment requirement), and he has not established a prima facie case of religious discrimination.

We also agree with the District Court that defendants need not accommodate Seaworth's religious beliefs. Requiring defendants to violate the Internal Revenue

Code and subject themselves to potential penalties by not providing Seaworth's SSN on information returns results in undue hardship. See Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 830-31 (9th Cir. 1999) (employer not liable for not hiring person who refused for religious reasons to provide his SSN, because accommodating applicant's religious beliefs would cause employer to violate federal law, which constituted "undue hardship"); I.R.C. §§ 6109(a)(1) (any person required to make tax return, statement, or other document with respect to another person, shall include in return or document that person's SSN); 6721(a)(1) & (a)(2)(B) (failure to include all required information on "information return" subjects filer to $50 penalty); 6723 (penalty for failure to comply with information-reporting requirements).

Seaworth argues that defendants could seek a reasonable-cause waiver under I.R.C. § 6724(a), which provides that "no penalty shall be imposed [for failure to include an SSN on an information return] if it is shown that such failure is due to reasonable cause and not to willful neglect." Even if a waiver could be obtained, we think that the expense and trouble incident to applying for it imposes a hardship that is more than de minimis, as a matter of law. See Allendale Nursing Ctr., 996 F. Supp. at 713, 718 (religious discrimination case involving employee's refusal to provide SSN; § 6724 allows employer to avoid certain penalties if it takes certain steps, but waiver provision does not exist to benefit employee who caused penalties to be imposed, and employer is not required to take steps to accommodate employee who caused penalty). Requiring defendants to restructure their method of operation to accommodate Seaworth by hiring him as an independent contractor also would subject defendants to a cost that is more than de minimis. See Ansonia Bd. Of Educ. v. Philbrook, 479 U.S. 60, 67 (1986) (accommodation causes undue hardship whenever it results in more than de minimis cost to employer).

Accordingly, we affirm. We grant Seaworth's motion to supplement the record, but deny his motion to remand.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.