Kathleen V. MULLEN,

v.

**TOPPER'S SALON AND HEALTH SPA, INC.**

No. CIV. A. 00–0797.

United States District Court, E.D. Pennsylvania.

May 12, 2000.

---

### MEMORANDUM

LUDWIG, District Judge.

Defendant Topper's Salon and Health Spa, Inc. moves to dismiss the complaint for failure to state claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).[1]

---

1. Under Fed.R.Civ.P. 12(b)(6), the complaint's allegations are accepted as true, all reasonable inferences are drawn in the light most

favorable to the plaintiff, and dismissal is appropriate only if it appears that plaintiff could prove no set of facts that would entitle

Jurisdiction is federal question, 28 U.S.C. § 1331, and supplemental, 28 U.S.C. § 1367.

This action presents a Title VII claim for religious and gender discrimination arising out of plaintiff Kathleen V. Mullen's employment with defendant as a manicurist and part-time "esthetician"—or skin care specialist. 42 U.S.C. § 2000e–2. According to the complaint, plaintiff was harassed by other employees because of her religious beliefs and moral convictions. The harassment consisted of sexual remarks that conflicted with her religious tenet that "sexual matters should be held personal and private and certain sexual acts are offensive." Complt. at ¶¶ 5, 10. Despite plaintiff's complaints, management did not take remedial action. *Id.* at ¶ 13. When her manicurist license expired, plaintiff requested full-time skin care work to avoid the harassing comments. *Id.* at ¶ 15. Defendant offered to pay for the renewal of her license, but would not approve the transfer, def.'s motion, ex. B (plaintiff's EEOC charge of discrimination); and plaintiff was subsequently terminated. Complt. at ¶ 18.

■ Count I alleges that defendant permitted the harassment, failed to make reasonable accommodation, and terminated plaintiff because of her "[Christian] moral practices and beliefs" and "in retaliation for her complaints and request for a transfer." *Id.* at ¶¶ 21b, f. A prima facie case of religious discrimination consists of: 1) plaintiff's bona fide religious belief in conflict with an employment requirement; 2) plaintiff's informing defendant of the belief; and 3) discrimination for failing to comply with the requirement. *Protos v. Volkswagen of America, Inc.,* 797 F.2d 129, 133 (3d Cir.1986) (citing *Turpen v. Missouri Kansas–Texas Railroad Co.,* 736 F.2d 1022, 1026 (5th Cir.1984)). *See Weber v. Roadway Express, Inc.,* 199 F.3d 270, 273 (5th Cir.2000).[2]

■ Here, the complaint is insufficient. It states that "Plaintiff ... repeatedly complained of this harassment to management at Defendant Topper's. . . . " Complt. at ¶ 13. It does not specify that she advised her employer of the religious nature of the alleged discrimination.

■ Count II—hostile work environment—is also deficient, for failure to exhaust administrative remedies.[3] The question is whether plaintiff's EEOC charge of discrimination encompasses both religious discrimination and a hostile work environment claim of sexual harassment. Plaintiff's position is that Count II is "reason-

---

her to relief. *See Port Authority of New York and New Jersey v. Arcadian Corp.,* 189 F.3d 305, 311–12 (3d Cir.1999). Within the purview of a motion to dismiss, in addition to the allegations in the complaint, are attached exhibits, matters of public record, and "a concededly authentic document upon which the complaint is based when the defendant attaches such a document to its motion to dismiss." *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). Defendant's motion includes the EEOC charge of discrimination filed by plaintiff on December 18, 1998. Def.'s motion at ex.B. Administrative filings may be considered part of public record. *Fosburg v. Lehigh University,* Civ. A. No. 98–864, 1999 WL 124458, at * 2 (E.D.Pa. Mar.4, 1999).

**2.** Three other Courts of Appeals have adopted this test. *See Seaworth v. Pearson,* 203 F.3d 1056, 1057 (8th Cir.2000); *Balint v. Carson City, Nevada,* 180 F.3d 1047, 1050 n. 3 (9th Cir.1999); *Venters v. City of Delphi,* 123 F.3d 956, 972 (7th Cir.1997).

**3.** "The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.' Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to litigation, suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle." *Anjelino v. New York Times Co.,* 200 F.3d 73, 93 (3d Cir.1999) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir.1976)).

ably related" to the factual statement in the EEOC charge. Pl.'s mem. at 11.

■ "The relevant test in determining whether [plaintiff] was required to exhaust [ ] administrative remedies . . . is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint. . . ." *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996)(quoting *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984)); *see also Carter v. Philadelphia Stock Exchange,* Civ. A. No. 99–2455, 1999 WL 715205, at * 1 (E.D.Pa. Aug.25, 1999). Here, plaintiff's EEOC discrimination charge does not set forth information that would constitute notice of a claim of sexual harassment created by a hostile work environment. Only the "religion" box in the section titled "cause of discrimination based on" was checked. The factual allegations in the charge of discrimination consistently refer to harassment attributable to her "moral convictions and beliefs." Def.'s motion at ex. B. The final statement in the charge reads: "I believe I have been discriminated against because of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id.* Positing that the harassment took the form of comments with "sexual overtones," the claim is not extended to one of a hostile work environment based on sexual discrimination. It is not averred that plaintiff believed she was discriminated against on the basis of her *sex.*[4]

■ Defendant also moves to dismiss the retaliation claims [5] because, as with the hostile work environment claim, they were not included in plaintiff's EEOC charge.

The charge states: "Ms. Smith [defendant's Personnel Director] . . . referred me to Karen Loreman, Spa Director.[6] I spoke to Ms. Loreman on April 30, 1998 and at that time, she informed me that my employment was terminated." Def.'s motion at ex. B. Here again, plaintiff did not mark the box labeled "retaliation" as the cause of discrimination she is alleged to have suffered.

However, it is not necessary for a complaint to mirror an EEOC charge; it must only be "within the scope" of the charge. That the "retaliation" box was not checked does not itself preclude plaintiff's claim. The facts stated in the charge are ample and specific enough to put the EEOC and defendant on notice that plaintiff claimed to have been retaliated against for complaining about the harassment. This failure to exhaust argument is therefore rejected.

■ As to Count III, the state claim of negligent supervision—

> [u]nder Pennsylvania law, an employer may be liable for negligent supervision of an employee where the employer fails to exercise ordinary care to prevent an intentional harm to a third-party which 1) is committed on the employer's premises by an employee acting outside the scope of his employment and 2) is reasonably foreseeable.

*Gorwara v. AEL Indus., Inc.,* Civ. A. No. 89–6401, 1990 WL 44702, at *5 (E.D.Pa. Apr.12, 1990) (citing *Dempsey v. Walso Bureau,* 431 Pa. 562, 246 A.2d 418, 419–22 (1968); Restatement .(Second) of Torts § 317 (1965)). Here, the complaint alleges

---

4. The requirements of a hostile work environment claim are: "(1) the employee suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1482 (3d Cir.1990).

5. Counts I and II allege unlawful retaliation for plaintiff's reporting the harassment to management. Since Count II is dismissed in its entirety, this analysis applies to Count I only.

6. The EEOC charge also says that plaintiff had "complained about this offensive behavior on numerous occasions to Karen Loreman. . . ." Def.'s motion at ex. B.

that plaintiff informed her employer of the harassment. Once she did so, its persistence became reasonably foreseeable. *See Mandy v. Minnesota Mining and Manufacturing*, 940 F.Supp. 1463, 1471 (D.Minn. 1996) (under the Restatement (Second) of Torts § 317, after it was reported, continued harassment of plaintiff was foreseeable, and defendant had duty to protect against it). Count III is sufficiently stated.

 The complaint also claims punitive damages under Title VII and for negligent supervision. In *Kolstad v. American Dental Association*, 527 U.S. 526, ——, 119 S.Ct. 2118, 2124, 144 L.Ed.2d 494 (1999), the Court held that a plaintiff may be entitled to punitive damages under Title VII when the employer acts "with malice or with reckless indifference to [the plaintiff's] federally protected rights." *Kolstad* interpreted 42 U.S.C. § 1981(a) to allow an award of punitive damages based on the employer's "knowledge that it may be acting in violation of federal law, not its awareness that it was engaging in discrimination." *Id.*[7] Defendant is alleged to have known of plaintiff's "repeated" complaints of "constant" harassment. Complt. at ¶ 14. Under *Kolstad*, this allegation is deficient, despite liberal notice pleading requirements. Fed.R.Civ.P. 8(a).

Pennsylvania law allows punitive damages based on "conduct which is 'malicious,' 'wanton,' 'reckless,' 'willful,' or 'oppressive.'" *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747–48 (1984) (quoting *Chambers v. Montgomery*, 411 Pa. 339, 344–45, 192 A.2d 355, 358 (1963)). *See also, Chladek v. Milligan*, Civ. A. No. 97–0355, 1998 WL 334699, at *5 (E.D.Pa. June 23, 1998) (refusing to dismiss punitive damages claim where defendants were alleged to have engaged in "vicious" and "violent" behavior that was "reckless" and

"without provocation"). As in the instance of the Title VII count, the negligent supervision claim, as stated here, does not support a claim for punitive damages. Leave will be granted to amend both punitive damages claims, subject to Fed.R.Civ.P. 11(b)(3) ("the allegations ... have evidentiary support").

An order accompanies this memorandum.

## ORDER

AND NOW, this 10th day of May, 2000, the motion of defendant Topper's Salon and Health Spa, Inc. to dismiss the complaint is ruled on as follows:

1.  Count I and II—granted.

2.  Count III—denied.

3.  As to punitive damages—granted.

Leave is granted to amend Count I and the punitive damages claims in Count I and III no later than May 26, 2000, subject to the constraints of Fed.R.Civ.P. 11(b)(3). Count II is dismissed without leave to amend.

Jurisdiction will be exercised over this action only if Count I is satisfactorily amended. Otherwise, supplemental jurisdiction shall be relinquished, 28 U.S.C. § 1367(c)(3).

---

7.  Because the complaint does not name individual defendants, it should be noted that "an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" *Kolstad v. American Dental Association*, 527 U.S. at ——, 119 S.Ct. at 2129.