RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DONALD J. YEAGER,

*Plaintiff-Appellant,*

No. 14-3693

*v.*

FIRSTENERGY GENERATION CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:14-cv-00567—James S. Gwin, District Judge.

Decided and Filed: January 28, 2015

Before: BATCHELDER, MOORE, and SUTTON, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Michael D. Rossi, GUARNIERI & SECREST, P.L.L., Warren, Ohio, for Appellant. William D. Edwards, Jeffrey J. Moyle, ULMER & BERNE LLP, Cleveland, Ohio, for Appellee.

_____

### OPINION

_____

PER CURIAM. Donald J. Yeager appeals the district court's judgment dismissing his civil complaint.

Yeager filed a complaint against FirstEnergy Generation Corporation, alleging that the defendant discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112, by refusing to hire him or by

1

terminating his employment because he failed to provide a social security number. Yeager alleged that he had no social security number because he had disclaimed and disavowed it on account of his sincerely held religious beliefs. Yeager sought monetary and injunctive relief. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

On appeal, Yeager argues that the district court erred in dismissing his complaint. Yeager also alleges that the court incorrectly considered matters outside of the pleadings. We review de novo the dismissal of a complaint for failure to state a claim upon which relief may be granted. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.*

The district court properly dismissed Yeager's complaint for failure to set forth a viable legal claim under either Title VII or Chapter 4112. Under each statute, courts apply the same two-step analysis. *See Abbott v. Crown Motor Co.*, 348 F.3d 537, 541 (6th Cir. 2003) (concluding that the same analysis applies to claims under Chapter 4112 and Title VII). First, we determine whether Yeager has established a "prima facie case of religious discrimination," which requires proof that "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007) (quoting *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir. 1987)). Second, if Yeager establishes his prima facie case, his employer has the burden to show that it could not "reasonably accommodate" his religious beliefs without "undue hardship." *Id.*; 42 U.S.C. § 2000e(j).

Every circuit to consider the issue has applied one of the above two steps to hold that Title VII does not require an employer to reasonably accommodate an employee's religious beliefs if such accommodation would violate a federal statute. Some courts have proceeded under step one to hold that a statutory obligation is not an "employment requirement," *see Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414, 418 (E.D. Va.), *aff'd*, 15 F. App'x 172 (4th Cir. 2001); *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000), while

others have held under step two that violating a federal statute would impose an "undue hardship," *see Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830–31 (9th Cir. 1999); *Weber v. Leaseway Dedicated Logistics, Inc.*, 166 F.3d 1223, at \*1 (10th Cir. 1999). These dual rationales arrive at the same, sensible conclusion: "[A]n employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal . . . law." *Sutton*, 192 F.3d at 830. This conclusion is consistent with Title VII's text, which says nothing that might license an employer to disregard other federal statutes in the name of reasonably accommodating an employee's religious practices.

The Internal Revenue Code requires employers such as FirstEnergy to collect and provide the social security numbers of their employees. *See* 26 U.S.C. § 6109(a)(3), (d). In this case, the district court followed the example of another decision in our circuit, *EEOC v. Allendale Nursing Center*, 996 F. Supp. 712 (W.D. Mich. 1998), to hold that Yeager's prima facie claim fails under step one because FirstEnergy's collection of Yeager's social security number is a "requirement imposed by law" and therefore not an "employment requirement." R. 19 at 4–5 & n.21; *accord Baltgalvis*, 32 F. Supp. 2d at 418; *Seaworth*, 203 F.3d at 1057. In light of the other circuits that have followed the step-two analysis in this exact context, *see Sutton*, 192 F.3d at 831; *Weber*, 166 F.3d at \*1, we affirm the district court's conclusion without deciding whether it is properly a step-one or step-two question. We also hold that the district court did not improperly rely on matters outside of the pleadings by recognizing the Internal Revenue Code's legal requirement here.

For these reasons, we affirm.