NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0345n.06

No. 21-5821

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| BRIAN A. TRUSKEY, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| THOMAS J. VILSACK, Secretary, United | ) | |
| States Department of Agriculture, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Aug 19, 2022
DEBORAH S. HUNT, Clerk

---

Before: BATCHELDER, CLAY, and LARSEN, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Brian A. Truskey appeals from the district court's order

granting the motion to dismiss of Defendant Thomas J. Vilsack, Secretary of the United States

Department of Agriculture ("USDA;" "Agency"), in this case alleging religious discrimination

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Religious Freedom

Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-2(1). For the reasons set forth below, this Court

**AFFIRMS**.

## I. BACKGROUND

### A. Factual Background

Plaintiff Truskey, a resident of Kentucky, is a member of a small family church with beliefs

similar to messianic Judaism but differing in the view that Scripture prohibits the use of a social

security number ("SSN"). Plaintiff believes that identification by number, including a SSN, causes

him to be besmeared with the "mark of the beast," per *Revelation* 13:17 ("[T]hat no man should be able to buy or to sell, save he that hath the mark, even the name of the beast or the number of his name.") and 1 *Chronicles* 21:1–8 ("Satan . . . incited David to number Israel."). Plaintiff's parents, adherents to the same belief, never applied for a SSN for Truskey when their son was born. Plaintiff has retained credence in this faith into adulthood and has never had a SSN.

In the latter part of 2014, Truskey began volunteering as a communications apprentice at a USDA-administered recreation area in Kentucky. Plaintiff soon earned certification to become employed as a wildland firefighter with the Forest Service, an agency of the USDA. Unfortunately for Truskey, he learned that switching from a volunteer position to federal employment required supplying a social security number. To that point, a representative of the USDA emailed Plaintiff on June 15, 2015: "[T]here is no exception to the requirement to have a[] SSN in order to be hired under the [administratively determined pay plan]." (ALJ Order, R. 19-1, PageID # 148). The reason for this requirement is simple: the Agency's payroll system, called the administratively determined pay plan ("ADPP"), is compatible only with SSNs; without that numerical identifier, the USDA cannot issue an employee's salary. Alternative forms of identification (such as an individual tax number or employer identification number) are not accepted on the ADPP; these alternatives are also not accepted on the electronic filing form that the USDA submits to the Internal Revenue Service ("IRS"). Ultimately, on November 24, 2015, the USDA confirmed the thrust of its June missive: it could not enroll Truskey in its pay plan without a SSN, thereby ending Plaintiff's hopes for federal employment as a wildland firefighter.

### B. Procedural History

After contacting an Equal Employment Opportunity Commission ("EEOC") counselor in January 2016, Truskey filed an administrative complaint with the USDA alleging religious

discrimination in employment. After numerous administrative appeals and remands, on December 17, 2018, an EEOC administrative law judge issued an order of dismissal in favor of the USDA for untimeliness[1] and failure to state a claim.

Plaintiff then brought his claim to federal court and filed a pro se complaint on April 12, 2019. After a period of inactivity, and after Plaintiff's counsel entered an appearance, the district court ordered Truskey to file an amended complaint, now with the benefit of counsel. The two-count amended complaint was filed on October 13, 2020, and alleged violations of Title VII and the RFRA. Defendant moved to dismiss. For purposes of that motion only, Defendant did not contest the sincerity or validity of Plaintiff's religious perspective concerning social security numbers and Scripture. The district court granted the motion to dismiss for failure to state a claim, making three holdings: (1) Truskey had constructive notice of the forty-five day filing requirement for making an administrative complaint of employment discrimination, sufficient to trigger the statute of limitations; (2) the Title VII claim failed on the merits pursuant to *Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362, 363–64 (6th Cir. 2015); and (3) relief under the RFRA was unavailable because Title VII provides the exclusive remedy for claims of discrimination in federal employment. Plaintiff's timely appeal to this Court followed.

## II. DISCUSSION

### A. Standard of Review

This Court reviews the district court's dismissal of a complaint *de novo*. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). A motion to dismiss is properly granted

---

[1] The ALJ first noted that for a claim to be timely, an aggrieved party must initiate contact with an EEOC counselor within forty-five days of the alleged discriminatory action, 29 C.F.R. § 1614.105(a)(1); it then held: "Complainant's initial EEO counselor contact on January 25, 2016, was untimely because he delayed contacting an EEO counselor for nearly *six* months after he first received the Agency's June 15, 2015 email informing him of the Agency's SSN collection obligation." (ALJ Order, R. 19-1, PageID # 150).

if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)).

## B. Analysis

### 1. Title VII

Title VII prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment" because of his membership in a protected class, which includes religious groups. 42 U.S.C. § 2000e-2(a)(1). Section 2000e(j) of Title 42 defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." The EEOC guidelines add more: "The fact that no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee or prospective employee." 29 C.F.R. § 1605.1.

In reviewing a Title VII religious accommodation claim, this Court employs a two-step, burden-shifting framework. *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007). First, an aggrieved party must establish a prima facie case of religious discrimination by showing he (1) holds a sincere religious belief that conflicts with an employment requirement; (2) has informed

the employer about said conflict; and (3) suffered an adverse employment outcome for failing to comply with the conflicting employment requirement. *Id.* Second, once a prima facie case is made out, the employer must demonstrate that it could not "reasonably accommodate" the employee's religious beliefs without incurring an undue hardship or burden on its business. *Id.*; 42 U.S.C. § 2000e(j). Otherwise said, an employer escapes liability upon a showing that accommodating a religious belief would result in an undue hardship.

Job applicants whose religious beliefs reject the use of social security numbers as marks of the beast routinely bring Title VII claims. The leading "mark of the beast" case in our Circuit is *Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362 (6th Cir. 2015), where the plaintiff, a Fundamentalist Christian, renounced his SSN as contrary to Scripture; as such, he failed to supply the numerical identifier in connection with his internship application. *Yeager v. FirstEnergy Generation Corp.*, No. 5:14-CV-567, 2014 WL 2919288, at *1 (N.D. Ohio, June 27, 2014). Without a social security number, the *Yeager* plaintiff was unable to assume the internship, prompting him to sue his would-be employer for religious discrimination. The district court granted the defendant's motion to dismiss, and this Court affirmed. We noted that the Internal Revenue Code obligates employers to collect and report employees' SSNs. As a result, the employer could not be held liable under Title VII when accommodating religious beliefs would require violating federal law. *Yeager*, 777 F.3d at 363 ("This conclusion is consistent with Title VII's text, which says nothing that might license an employer to disregard other federal statutes in the name of reasonably accommodating an employee's religious practices.").

*Yeager* joined the Fourth, Eighth, Ninth, Tenth, and Eleventh Circuits in finding that an employee's aversion to social security numbers as marks of the beast does not require an employer to violate federal law merely to accommodate the employee's beliefs. *Baltgalvis v. Newport News*

*Shipbuilding, Inc.*, 15 F. App'x 172, 173 (4th Cir. 2001) (per curiam) (affirming on the reasoning of the district court's order); *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 829–31 (9th Cir. 1999); *Weber v. Leaseway Dedicated Logistics, Inc.*, 166 F.3d 1223 (10th Cir. 1999); *Hover v. Florida Power & Light Co.*, 101 F.3d 708 (11th Cir. 1996) (affirming on the reasoning of the district court's order). The only significant difference between this Court's decision in *Yeager* and those of our sister Circuits is that we declined to specify on what step of the two-part Title VII burden-shifting framework our rationale rested.[2] *Yeager*, 777 F.3d at 364 (refraining from deciding whether plaintiff failed to make out a step one prima facie case, or, under step two, the employer showed that violating a federal statute would impose undue hardship).

Reviewing the case *sub judice*, the district court found that *Yeager* squarely foreclosed Truskey's Title VII claim. Plaintiff asks this Court to reverse. The question is whether the district court erred in holding that Defendant did not violate one law (Title VII) by complying with another (the Internal Revenue Code). This Court affirms the dismissal of Plaintiff's Title VII claim.

"Every circuit to consider the issue has applied one of the above two steps to hold that Title VII does not require an employer to reasonably accommodate an employee's religious beliefs if such accommodation would violate a federal statute." *Yeager*, 777 F.3d at 363; *see also Baltgalvis*, 132 F. Supp. 2d at 419 ("Courts have consistently agreed that an employer is not liable under Title

---

[2] Some courts have rejected a Title VII, mark of the beast lawsuit under the first step of the two-part test; these courts find that the employee or applicant is unable to make out a prima facie case because an employer's statutory obligation to supply the IRS with employees' SSNs is not an "employment requirement." *Baltgalvis v. Newport News Shipbuilding, Inc.*, 132 F. Supp. 2d 414, 418 (E.D. Va. 2001); *see id.* ("Ms. Baltgalvis was discharged not because of a NNS employment requirement, but because of a requirement of federal law."); *Seaworth*, 203 F.3d at 1057 ("[T]he IRS, not defendants, imposed the requirement that Seaworth provide an SSN.") (citing 27 U.S.C. § 6109). Other courts assess the viability of a Title VII mark of the beast lawsuit under step two, holding that violating a federal statute would impose an "undue hardship" on the employer. *Sutton*, 192 F.3d at 830–31; *Weber*, 166 F.3d at 1223. The Sixth Circuit in *Yeager* resolved the question in favor of the employer without deciding whether it was properly a step one or step two question.

VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law."). As in *Yeager*, the relevant law in this case is the Internal Revenue Code, which instructs employers to collect and provide the SSNs of their employees. Specifically, the regulation instructs employers to "include in any such return, statement, or other document, such identifying number as may be prescribed for securing proper identification of such [employee]." 26 U.S.C. § 6109(a)(3). For purposes of that reporting obligation, the regulation continues: "The identifying number of an individual . . . shall be such individual's social security account number." *Id.* § 6109(a); *see also id.* § 6109(d).

An "employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal . . . law." *Yeager*, 777 F.3d at 363 (quoting *Sutton*, 192 F.3d at 830). In the instant case, Plaintiff's disavowal of social security numbers would cause the Agency to violate the Internal Revenue Code. Circuit precedent forecloses the merits of this argument; an employer cannot be required to intentionally violate a federal regulation—and subject itself to potential penalties—in order to accommodate an employee's religious belief. Because Defendant cannot be found liable for a Title VII violation for complying with federal law, we find that the district court did not err in dismissing the amended complaint. Thus, "we affirm the district court's conclusion without deciding whether it is properly a step-one or step-two question."[3] *Id.* at 364. Consequently, we need not reach the equitable tolling question of whether Plaintiff has presented a sufficient reason to excuse his failure to timely file an administrative complaint. *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (noting that regulatory

---

[3] This Court declines Plaintiff's invitation to find that *Yeager* was incorrectly decided. *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("This panel is without authority to overrule binding precedent[] because a published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'")).

exhaustion is not a jurisdictional prerequisite); *Hill v. Nicholson*, 383 F. App'x 503, 508 (6th Cir. 2010) ("We [may] decline to address the question of exhaustion [where] we are able to dispose of these claims on the merits.").

### 2. RFRA

To make out a prima facie case under the RFRA, an individual must show that the government policy imposed a substantial burden on his religious exercise. 42 U.S.C. § 2000bb(b)(2); 42 U.S.C. § 2000bb-1(c). Upon such a showing, the burden then shifts to the government to show that applying that burden on the individual furthers a compelling state interest and is the least restrictive means of furthering that interest. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014).

In this case, the district court did not reach the merits of the RFRA claim; instead, it dismissed Truskey's RFRA claim, finding that Title VII provides the exclusive remedy for allegations of discrimination in federal employment. This finding was in accordance with caselaw from the Third and Eighth Circuits. *See Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007) ("It is equally clear that Title VII provides the exclusive remedy for job-related claims of federal religious discrimination, despite Francis'[] attempt to rely upon the provisions of RFRA."); *Harrell v. Donahue*, 638 F.3d 975, 983 (8th Cir. 2011) ("Harrell's claims under RFRA are barred because Title VII provides the exclusive remedy for his claims of religious discrimination.").

In his opening brief on appeal, Truskey challenged only the district court's discussion of entitlement to relief under Title VII; he did not address the basis of the district court's dismissal of his claim under the RFRA—i.e., the finding that Title VII is a comprehensive remedial scheme such that it precludes the attempt to obtain parallel relief under the RFRA. Because Truskey did not raise this issue until his reply brief, he has abandoned that claim on appeal. *Hills v. Kentucky*,

457 F.3d 583, 588 (6th Cir. 2006) (finding forfeited any issues not contained in the opening brief); *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 456 (6th Cir. 2021) (citing *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018)) ("[E]ven well-developed arguments raised for the first time in a reply brief come too late.").

The issue of forfeiture aside, both parties maintain that the district court erred in finding that Title VII is the exclusive remedy for job-related claims of federal religious discrimination. Truskey and the USDA urge this Court to find instead that Title VII does not preempt a RFRA claim for employment discrimination arising in the federal sector. Even if this claim were preserved, it would be ill-advised for this Court to decide this question of unsettled statutory and constitutional law on the basis of an argument not subjected to developed adversarial briefing. We dispose of this matter on the single preserved and dispositive issue under Title VII.

## III.  CONCLUSION

For these reasons, this Court **AFFIRMS** the district court's grant of Defendant's motion to dismiss Plaintiff's first amended complaint.