In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-3049

LATOSHA BOWLIN, NICOLE POTTHAST, and AMANDA K. HUMPHREYS,

*Plaintiffs-Appellants*,

*v.*

BOARD OF DIRECTORS, JUDAH CHRISTIAN SCHOOL, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:22-cv-1390 — **Colleen R. Lawless**, *Judge*.

ARGUED MAY 24, 2024 — DECIDED FEBRUARY 13, 2026

Before EASTERBROOK, KIRSCH, and LEE, *Circuit Judges*.

LEE, *Circuit Judge*. In the midst of the COVID-19 pandemic, the Governor of Illinois required all school employees to either receive a vaccination or undergo weekly testing for the virus. Plaintiffs—three employees at different Illinois grade schools—refused to receive a vaccination, citing their religious beliefs. When the schools offered weekly testing as an accommodation, Plaintiffs claimed the testing also violated

their moral consciences and refused. As a result, they were either placed on unpaid leave or terminated, in line with the Governor's Executive Order and joint guidance from the Illinois Department of Public Health and the State Board of Education. Plaintiffs then filed suit, claiming that the schools' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII); the Emergency Use Authorization Act, 21 U.S.C. § 360BBB-3 *et seq.* (EUA); and the Illinois Health Care Right of Conscience Act, 745 Ill. Comp. Stat. 70/1 *et seq.* Plaintiffs' employers (collectively, "Defendants") moved for dismissal.

The district court granted Defendants' motion to dismiss the Title VII claim, reasoning that Plaintiffs had failed to cite a religious belief that the testing requirement violated. The district court also dismissed the EUA claim and declined to exercise supplemental jurisdiction over Plaintiffs' state law claim.

On appeal, Plaintiffs only contest the district court's dismissal of their Title VII claim. They further contend (for the first time) that Defendants' actions violated the Illinois Public Health Code. We affirm the district court's dismissal of Plaintiffs' Title VII claim because they did not identify a religious objection to the schools' requirement that they undergo weekly testing. Furthermore, honoring Plaintiffs' desire to forgo both vaccination and testing would have required Defendants to contradict the Governor's Executive Order, which Title VII does not require. The district court's judgment is affirmed.

**I**

In response to the COVID-19 pandemic, Illinois Governor J.B. Pritzker issued an Executive Order on September 3, 2021 ("the Order"), which imposed a variety of safety measures designed to combat the virus. Among other requirements, the Order mandated that "School Personnel" have the first dose of an acceptable COVID-19 vaccine by September 19, 2021, or be excluded from school premises. Alternatively, an individual could elect to be tested at least weekly to work at or enter a school. Relevant here, the Order contained an exemption from the vaccination requirement if "vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance." If an individual claimed the religious exemption, however, they would still have to submit to weekly testing.

The Illinois State Board of Education and Illinois Department of Public Health issued joint guidance for schools on September 21, 2021 ("the Guidance"), that instructed schools to comply with the requirements of the Executive Order.

Plaintiffs Amanda Humphreys, Latosha Bowlin, and Nicole Potthast were school employees working for Defendants North Mac CUSD No. 34, Judah Christian School, and Staunton CUSD No. 6, respectively. When these schools instituted policies consistent with the Order and the Guidance, Plaintiffs sought an exemption from the vaccination requirement based on their religious beliefs. When the schools informed Plaintiffs that they would have to undergo weekly testing as an alternative, they refused. As a result, Humphreys was suspended without pay (and later terminated); Bowlin was terminated from her employment; and Potthast was suspended

without pay and, she claims, forced to choose between resigning or returning to a "hostile work environment."

Plaintiffs filed this lawsuit in November 2022, alleging that Defendants violated their rights under Title VII when they discriminated against Plaintiffs based on their religious beliefs. Plaintiffs also claimed that the "vaccinate or test" policy was in conflict with the EUA because Plaintiffs were denied "their statutory right to accept or refuse administration" of the designated COVID-19 vaccines. Finally, Plaintiffs alleged a violation of the Illinois Health Care Right of Conscience Act, claiming that they were compelled to violate their religious convictions in regard to their medical treatment as a condition of maintaining employment. Each Defendant filed a motion to dismiss Plaintiffs' complaint, and Plaintiffs filed a combined response to these motions.

Granting Defendants' requests to dismiss the Title VII claim, the district court held that the weekly testing requirement was a reasonable accommodation to the vaccine mandate. The court also determined that Plaintiffs had not sufficiently identified a religious belief that the weekly testing requirement offended. The court further dismissed Plaintiffs' EUA claim, concluding that the legislation does not confer a private right of action. And, having dismissed the two federal claims, the court declined to exercise supplemental jurisdiction over Plaintiffs' claim under the Illinois Health Care Right of Conscience Act.

Here, Plaintiffs appeal the district court's dismissal of their Title VII claim. They argue that the district court erred by failing to properly find that the testing requirement violated their religious beliefs. They also contend that Defendants' requirement that employees either test or vaccinate violated the Illi-

nois Public Health Code, 20 Ill. Comp. Stat. 2305/2, because only the Department of Public Health can impose such regulations. Plaintiffs do not challenge the district court's dismissal of the EUA claim.

## II

We review *de novo* the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6). *Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1038 (7th Cir. 2021). In evaluating the district court's decision, we determine whether the complaint alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard is met when the plaintiff asserts facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put another way, the factual allegations in the complaint must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In conducting our review, we accept all well-pled allegations as true and draw all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022).

### A. Title VII

Among other things, Title VII prohibits employers from discharging or otherwise discriminating against any individual with respect to the terms and conditions of her employment because of the individual's religion. *See* 42 U.S.C. § 2000e-2(a)(1). Religion includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious ob-

servance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

To make a *prima facie* case for religious discrimination under this provision, an employee must show three things. First, they must demonstrate "the observance or practice conflicting with an employment requirement is religious in nature." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013). Second, the employee must have called the religious observance or practice to the employer's attention. *Id.* Third, the religious observance or practice must have been the basis for the employee's discharge or discriminatory treatment. *Id*. Once an employee establishes a *prima facie* case of religious discrimination, the burden shifts to the employer to make a reasonable accommodation of the religious practice or show that any accommodation would result in undue hardship to the employer. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 150 F.4th 792, 802–03 (7th Cir. 2025) (citing *Adeyeye*, 721 F.3d at 449).

A reasonable accommodation under Title VII is meant "to assure the individual additional opportunity to observe religious practices, but it [does] not impose a duty on the employer to accommodate at all costs." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986). A reasonable accommodation is thus "one that 'eliminates the conflict between employment requirements and religious practices.'" *Jackson v. Methodist Health Servs. Corp.*, 121 F.4th 1122, 126 (7th Cir. 2024) (quoting *Rodriguez v. City of Chicago*, 156 F.3d 771, 775 (7th Cir. 1998)). "It need not be the employee's preferred accommodation or the accommodation most beneficial to the employee." *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012). "Once the employer has offered an alternative that reasonably accommodates the employee's religious needs ... 'the

statutory inquiry is at an end[.]'" *E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1576 (7th Cir. 1997) (quoting *Philbrook*, 479 U.S. at 68).

Here, Plaintiffs sought an exemption from the vaccination requirement, and Defendants offered them an accommodation: weekly testing. Plaintiffs contend that this alternative was not sufficient because the testing requirement violates their "moral consciences." Defendants respond that Plaintiffs' objections to the testing requirements are not religious in nature and therefore do not warrant protection under Title VII.

"At the pleading stage, an employee seeking an accommodation in the form of an exemption from an employer's vaccine mandate must allege facts plausibly permitting an inference that some 'aspect[ ]' of the request is based on the employee's 'religious observance and practice' or 'belief.'" *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) (quoting 42 U.S.C. § 2000e(j)). In *United States v. Seeger*, the Supreme Court described a religious belief as one that is "sincere and meaningful" that "occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." 380 U.S. 163, 166 (1965). We have adopted this test for Title VII claims. *See Adeyeye*, 721 F.3d at 448 ("In interpreting what qualifies as religion under the broad statutory definition of Title VII, we have endorsed this standard that was used in *Seeger* … finding that the definition serves equally well for the purposes of Title VII."); *Redmond v. GAF Corp.*, 574 F.2d 897, 901 n.12 (7th Cir. 1978) (explaining that a religious belief is a belief that is considered religious "in [the] person's own scheme of things" and is "sincerely held"). And, as we noted in *Adeyeye*, "a genuinely held belief that involves matters of the afterlife,

spirituality, or the soul, among other possibilities, qualifies as religion under Title VII." 721 F.3d at 448.

Although "a 'religious' objection can sound in both religious and non-religious terms," *Passarella*, 108 F.4th at 1010, here, Plaintiffs do not moor their objections to the testing requirement to any religious beliefs. Their only relevant allegation is that their "moral consciences … prevent them from submitting to health care procedures which they, competent adults, do not believe are medically necessary." This, on its own, fails to plausibly allege that the request is "based in part on an aspect of [Plaintiffs'] religious belief or practice" because Plaintiffs do not identify what belief or practice the testing would violate. *Passarella*, 108 F.4th at 1011; *see id.* at 1009 ("Passarella's statement connects her objection to vaccination with her Christian beliefs regarding the sanctity of the human body.").

In *Jackson*, for example, we affirmed the dismissal of a Title VII claim brought by a plaintiff who sought an exemption to the periodic COVID-19 testing accommodation based on similar arguments. 121 F.4th at 1126–28. The plaintiff "opposes the testing requirement," we noted, "but she cites no religious tenet that is at odds with the testing requirement and no religious practice with which testing would interfere." *Id.* at 1126; *see also Passarella*, 108 F.4th at 1011 ("Religious accommodation requests rooting themselves entirely in safety considerations with no plain and express connection to religion will fall outside of the statute even at the pleading stage."). The same is true here.

Next, Plaintiffs allege that their moral consciences "prevent them from submitting to or participating in workplace procedures which arbitrarily discriminate between employ-

ees on the basis of health care choices made pursuant to freedom of conscience." But Plaintiffs cannot request an exemption from a workplace policy only to argue that differential treatment based upon the exemption would violate their religion. The purpose of a Title VII accommodation is to "eliminate[] the conflict between employment requirements and religious practices." *Wright v. Runyon,* 2 F.3d 214, 217 (7th Cir. 1993) (quoting *Philbrook*, 479 U.S. at 70). Plaintiffs' position would allow an employee to reject any accommodation because they would be treated differently than other employees. This proposition has no support in the law.

Nevertheless, even assuming Plaintiffs had adequately alleged that Defendants violated their religious beliefs, their claim still fails because the accommodation they request would require Defendants to violate the law, thereby imposing upon them an undue hardship. An "'undue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). We recognize that analyzing whether an accommodation imposes an undue hardship is "generally inappropriate for resolution on the pleadings." *McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir. 1992). But courts have upheld the dismissal of Title VII claims at the pleading stage when the requested accommodation requires the employer to violate the law. *See, e.g., Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830–31 (9th Cir. 1999) (affirming dismissal of a plaintiff's complaint because the requested accommodation would require the employer to violate federal law, which was an undue hardship as a matter of law).

Here, Plaintiffs assert that instead of undergoing weekly testing, they are "willing to abide by protections that have

been demonstrated to protect against COVID-19, namely, self-monitoring for symptoms, wearing a mask when appropriate, [and] voluntary reporting of potential symptoms ….”[1] But the Order required school personnel to either receive a vaccination or test weekly, without any other options. And these orders carry the force of law. *See Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1009 (7th Cir. 2021) (finding that similar COVID-19 Executive Orders fall “well within what we understand to be laws, just as rules and adjudications by executive agencies acting under legislative grants of authority have binding force of law”). Thus, allowing Plaintiffs to continue working in the schools would force Defendants to contravene their legal obligations, something Title VII does not require. *Accord Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362, 363 (6th Cir. 2015) (“Every circuit to consider the issue has ... h[e]ld that Title VII does not require an employer to reasonably accommodate an employee’s religious beliefs if such accommodation would violate a federal statute.”); *Sutton*, 192 F.3d at 830 (“[C]ourts agree that an employer is not liable under Title VII when accommodating an employee’s religious beliefs would require the employer to violate federal or state law.”); *Russo v. Patchogue-Medford Sch. Dist.*, 129 F.4th 182, 186 (2d Cir. 2025) (“[A]n accommodation that would re-

---

[1] Such measures, it is worth noting, would be largely ineffective to prevent transmission in the event of asymptomatic cases of COVID. Plaintiffs also note that they are willing to undergo “reasonable testing requirements” as an alternative to vaccination or the testing required by Defendants. But they do not explain what makes testing “reasonable,” nor do they denote a specific alternative. They only mention this “reasonable” testing alternative once in their complaint and do not differentiate the type of testing elsewhere. We thus interpret their objection to testing as to any test that would satisfy the Order and the Guidance.

quire an employer to violate the law imposes an undue hard-ship."); *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) ("Requiring defendants to violate the Internal Revenue Code and subject themselves to potential penalties by not providing Seaworth's [social security number] on information returns results in undue hardship.").

Plaintiffs' requested accommodation—exemptions from both the testing and vaccination requirements—would re-quire their employers to defy the Order, thereby imposing an undue hardship. Plaintiffs have thus failed to state a claim for relief under Title VII.

## B. The Illinois Public Health Code

Plaintiffs next claim that Defendants' enforcement of the Order violates the Illinois Public Health Code because only the Department of Public Health can enforce such rules. *See* 20 Ill. Comp. Stat. 2305/2(e) ("The Department may order the administration of vaccines, medications, or other treatments to persons as necessary in order to prevent the probable spread of a dangerously contagious or infectious disease."). But Plaintiffs have waived this argument as they never men-tioned it in their complaint or before the district court. *Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018) ("Failing to bring an argument to the district court means that you waive that argument on appeal."). As such, we need not consider it here.

*        *        *

For the reasons stated above, we AFFIRM the judgment of the district court.