24-378-cv
*Russo v. Patchogue-Medford Sch. Dist.*

# United States Court of Appeals
# for the Second Circuit

August Term 2024

(Argued: February 4, 2025)          Decided: February 26, 2025)

Docket No. 24-378-cv

_____

DAYNA RUSSO, AKA DAYNA M. RUSSO, AKA
DAYNA MARIE RUSSO,

*Plaintiff-Appellant,*

v.

PATCHOGUE-MEDFORD SCHOOL DISTRICT,

*Defendant-Appellee.*

_____

Before:

WALKER, LEVAL, and BIANCO, *Circuit Judges*.

Plaintiff-Appellant Dayna Russo appeals from the judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*), entered on January 16, 2024, granting summary judgment in favor of Defendant-Appellee Patchogue-Medford School District (the "District"). Russo sued the District, alleging that it did not provide a reasonable accommodation for her religious beliefs when she refused to receive a COVID-19 vaccination or submit to weekly COVID-19 testing in September 2021, and retaliated against her based upon those beliefs by placing her on unpaid leave, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Russo also alleged that the District

impermissibly solicited and used her genetic information by inquiring about her and her child's vaccination histories during the religious exemption interviews, in violation of the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff *et seq*. Russo further claimed that the District's placement of her on leave without pay violated Section 3020-a of New York's Education Law. Upon review, we conclude that the district court did not err in granting summary judgment in favor of the District and in declining to exercise supplemental jurisdiction over Russo's New York state law claims. Accordingly, we **AFFIRM** the judgment of the district court.

> Dayna Russo, *pro se*, Sayville, New York, *Plaintiff-Appellant*.
>
> Rondiene E. Novitz, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, New York, *for Defendant-Appellee*.

PER CURIAM:

Plaintiff-Appellant Dayna Russo appeals from the judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*), entered on January 16, 2024, granting summary judgment in favor of Defendant-Appellee Patchogue-Medford School District (the "District"). Upon review, we conclude that the district court did not err in granting summary judgment in favor of the District and in declining to exercise supplemental jurisdiction over Russo's New York state law claims. Accordingly, we **AFFIRM** the judgment of the district court.

Russo is a school psychologist employed by the District. In September 2021,

the District instituted a policy, pursuant to state law, requiring employees to either receive a COVID-19 vaccination or submit to weekly COVID-19 testing. Russo sought an exemption from the policy due to her sincerely held religious beliefs against vaccination and testing. After twice meeting with Russo to discuss a potential exemption from the policy, the District determined that it could not offer one, as doing so would cause it to violate New York Codes, Rules, and Regulations ("NYCRR"), N.Y. Comp. Codes R. & Regs. tit. 10, § 2.62 (2021)—that is, New York State's COVID-19 testing requirements.

Russo appealed this decision to the District superintendent, and additionally requested an accommodation to work remotely or "another reasonable accommodation within the [D]istrict." Dist. Ct. Dkt. No. 22 at 67. The superintendent denied the appeal, concluding that the District would suffer undue hardship because Russo's requests would cause the District to violate New York law and because her "physical presence in the District is necessary to conduct the essential functions of [her] job." *Id.* at 61. Russo ultimately took an unpaid leave of absence, during which time the District hired a temporary replacement, who was paid a prorated salary of $68,030. When the vaccination or testing mandate was lifted, Russo resumed working for the District.

3

After filing an unsuccessful EEOC complaint, Russo sued the District, alleging that it did not provide a reasonable accommodation for her religious beliefs, and retaliated against her based upon those beliefs by placing her on unpaid leave, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Russo also alleged that the District impermissibly solicited and used her genetic information by inquiring about her and her child's vaccination histories during the religious exemption interviews, in violation of the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.* As liberally construed by the district court, Russo also claimed that the District's placement of her on leave without pay violated Section 3020-a of New York's Education Law, which provides certain procedural protections for tenured education personnel.

The district court granted summary judgment in favor of the District on the federal claims. *See generally Russo v. Patchogue-Medford Sch. Dist.*, No. 22-cv-01569 (HG) (SIL), 2024 WL 149131, at *4–6 (E.D.N.Y. Jan. 12, 2024). First, the district court held that the District did not violate Title VII because Russo's requested accommodations were not reasonable. *Id.* at *5–6. In particular, the district court reasoned that granting her an exemption would have caused the District to violate state law, and permitting Russo to work remotely would have prohibited her from

4

performing necessary in-person job functions and caused the District to incur substantial costs by hiring a replacement to cover her in-person tasks. *Id*. Similarly, the district court noted that, to the extent Russo also alleged that the District's conduct in placing her on leave constituted retaliation under Title VII, such a claim also failed because the District's conduct involved enforcing the valid vaccination or testing requirements under state law. *Id*. at *4. With respect to the claim asserted under GINA, the district court concluded that personal and family vaccine history do not constitute genetic information under the statute, and thus Russo had failed to show that the questions by the District about her family's medical history violated GINA. *Id*. at *6. The district court then declined to exercise supplemental jurisdiction over any state law claims. *Id.* at *7. Russo timely appealed.

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). Summary judgment is appropriate when, after construing the evidence in the light most favorable to the opposing party and drawing all reasonable inferences in the opposing party's favor, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020); Fed. R. Civ.

5

P. 56(a).

To succeed on a religious discrimination claim, a plaintiff must first establish a prima facie case by showing that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employer of this belief; and (3) [she was] disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). "Once a prima facie case is established by the employee, the employer must offer him or her a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (alteration adopted) (internal quotation marks and citation omitted). The Supreme Court recently clarified that a proposed accommodation constitutes an "undue hardship" when it poses "a burden [that] is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). Even assuming *arguendo* that Russo stated a prima facie religious discrimination claim, the district court correctly determined that summary judgment in the District's favor was warranted based upon the undue hardship posed by the requested exemption from the vaccine or testing mandate and by the proposed accommodation to allow her to work remotely.

6

Under our precedent, an accommodation that would require an employer to violate the law imposes an undue hardship. *See Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021) (federal regulations); *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (per curiam) (federal statutes). Here, Russo's requested exemption from in-person work without vaccination or testing would have placed the District in violation of 10 NYCRR § 2.62. Although our holdings in *Bey* and *Cassano* involved accommodations placing an employer in violation of federal law, that analysis applies with equal force to a violation of state law. *See, e.g., Does 1–2 v. Hochul*, No. 22-2858, 2024 WL 5182675, at *4 (2d Cir. Dec. 20, 2024) (affirming dismissal of Title VII claim because granting a religious accommodation would have created an undue hardship by "requir[ing] [defendants] to violate the state regulation"); *accord D'Cunha v. Northwell Health Sys.*, No. 23-476-cv, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) ("Defendant could not have granted [an employee's] religious-exemption request without violating the State Mandate" that employees receive a COVID-19 vaccination or a medical exemption, "exposing itself to potential penalties, and thereby suffering an undue hardship."). In short, Russo's requested exemption would have caused an undue hardship because, if granted, the District

7

would have violated New York law.[1]

As for Russo's proposed remote-work accommodation, the District met its burden under Title VII of showing that providing this accommodation "would result in substantial increased costs," *Groff*, 600 U.S. at 470, as the uncontroverted evidence demonstrated that the District would have incurred significant expenses employing someone to cover Russo's necessary in-person duties. Accordingly, the district court correctly granted summary judgment to the District on the religious accommodation claim under Title VII.[2]

Russo's GINA claim was also properly resolved in the District's favor because her family member's vaccine history does not constitute genetic

---

[1] To the extent Russo argues that the COVID-19 testing requirements enumerated in 10 NYCRR § 2.62 are unconstitutional as applied to her, any such challenge should have been directed at state officials, as opposed to her employer, which was bound by that law. *See, e.g., Bey*, 999 F.3d at 169 (explaining that a challenge to the lawfulness of a regulation on discrimination grounds should be directed at the agency that promulgated it, not an employer bound to follow it).

[2] We also agree with the district court that Russo cannot show the requisite "but for" causation to make out a Title VII retaliation claim. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024); 42 U.S.C. § 2000e-3(a). As discussed *supra*, the District placed Russo on unpaid leave because of her failure to comply with the District-wide vaccine and testing policy mandated by New York law. Because the District policy applied to all employees regardless of whether they engaged in protected activity, Russo has failed to demonstrate that there is a casual connection between her invocation of Title VII based upon her religious beliefs and her placement on unpaid leave. *Sharikov*, 103 F.4th at 171.

information under the statute.[3] Thus, the district court properly held that Russo failed to show that questions by the District about her family's medical history violated GINA.

Finally, because all of Russo's federal claims were properly resolved, the district court did not err in declining to exercise supplemental jurisdiction over any state law claim asserted by Russo. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citation omitted)).

## CONCLUSION

We have considered the remainder of Russo's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[3] The statute defines "genetic information" as information concerning: (i) an individual's genetic tests; (ii) the genetic tests of an individual's family members; and (iii) the "the manifestation of a disease or disorder" in an individual's family members. 42 U.S.C. § 2000ff(4)(A).