25-1380
*Ams. Choice Veterans Constr. Inc. v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MEREDITH A. VACCA,
> *District Judge.*\*

———————————————————————————

AMERICAS CHOICE VETERANS
CONSTRUCTION INC., ANDREAS PLAZA,
ELIZABETH YOUNES,

> *Plaintiffs-Appellants*,

> v.                                   No. 25-1380

CITY OF NEW YORK, TEACHERS FEDERAL

———————————————————

\* Judge Meredith A. Vacca, of the United States District Court for the Western District of New York, sitting by designation.

CREDIT UNION, EDWARD F. GUIDA, JR.,
ALBERT PERNA, GREGG WASSERMAN,

*Defendants-Appellees*.
_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | MEREDITH D. KARP, Simpson Thacher & Bartlett LLP, New York, NY (Michael W. Jahnke, GunnerCooke LLP, New York, NY, *on the brief*). |
| **For Individual Defendants-Appellees:** | ISRAEL KLEIN (Todd B. Sherman, *on the brief*), Pardalis & Nohavicka, LLP, New York, NY. |
| **For the Defendant-Appellee City of New York:** | TAHIRIH M. SADRIEH (Richard Dearing and Ingrid R. Gustafson, *on the brief*), Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 2, 2025 judgment and May 2, 2025 order of the district court are **AFFIRMED**.

Americas Choice Veterans Construction Inc., Andreas Plaza, and Elizabeth Younes (collectively, "Plaintiffs") appeal from a judgment and order dismissing their federal law claims against an eclectic group of defendants that includes their

former consultants, a federal credit union, a New York City marshal, and the City of New York (collectively, "Defendants") for violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and the Sherman Antitrust Act, 15 U.S.C. § 1. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

## I.  The District Court Properly Dismissed Plaintiffs' Federal Law Claims.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.  Due Process

Plaintiffs allege that, by virtue of the Defendants' deliberate efforts, they never received notice of a New York City Small Claims Court action filed against them.  When Plaintiffs failed to answer the complaint, the Small Claims Court

3

entered two default judgments against Plaintiffs; soon afterwards, two of their bank accounts at the federal credit union were frozen and money was taken from one of the accounts to satisfy one of the default judgments. Once Plaintiffs became aware of the Small Claims Court action, they moved that court to vacate the judgments. The Small Claims Court ordered the unfreezing of Plaintiffs' bank accounts, and the Plaintiffs received their money "with interest." App'x at vii. They then sued Defendants in federal court, alleging that: (i) the former consultants conspired with the City marshal to deprive Plaintiffs of their constitutional right to due process by knowingly using a false address on the Small Claims Court action; (ii) the City improperly trained the marshal; and (iii) the federal credit union similarly furthered the deprivation of Plaintiffs' right to due process by complying with the terms of the default judgment levy. The district court ruled that no constitutional right had been violated because adequate post-deprivation remedies satisfied the constitutional right to due process.

Plaintiffs now argue that the district court erred by concluding that the availability of post-deprivation procedures under New York law (*e.g.*, moving the Small Claims Court for vacatur of the default judgments entered against them) meant that they had not suffered a violation of their constitutional right to due

4

process. They maintain that because the state court "could not *prevent* the deprivation," the district court erred in reasoning that adequate *post*-deprivation procedures cured any pre-deprivation deficit. Plaintiffs Br. at 22 (emphasis partly omitted).

But that argument flies in the face of our precedent, which squarely holds that "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 531, 533 (1984)). The Supreme Court's reasoning in *Hudson* compels the same conclusion reached by the district court below: "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides *or refuses to provide* a suitable post[-]deprivation remedy." *Hudson*, 468 U.S. at 533 (emphasis added); *see also id.* ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available.").

Plaintiffs do not dispute that the New York State courts ultimately vacated the default judgments obtained against them and that their funds were returned with interest. And they allege no facts of any kind to suggest that the state "refuse[d] to provide a suitable post[-]deprivation remedy." *Id.* Instead, Plaintiffs argue that the state's post-deprivation remedy is not as plaintiff-friendly as a lawsuit under 42 U.S.C. § 1983. But our caselaw again makes clear that state remedies are "adequate for due[-]process purposes even though the petitioner[s] may not be able to recover the same relief that [t]he[y] could in a [section] 1983 suit." *Hellenic*, 101 F.3d at 881 (reviewing comparable Article 78 proceedings); *see also Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019) (holding that "it is generally 'sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.'" (quoting *Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264, 303 (1981)). We therefore conclude that the district court properly dismissed Plaintiffs' section 1983 claims because Plaintiffs failed to plausibly allege a violation of their constitutional right to due process.

**B.    Sherman Act**

Plaintiffs remaining federal claim sounds in antitrust.   In a nutshell, they alleged that by temporarily restricting their business's ability to access its funds (through the obtaining of default judgments), the Defendants made Plaintiffs a less-competitive enterprise, which in turn "unreasonably restrain[ed] trade" in Plaintiffs' sector of the economy.   The district court determined that Plaintiffs had failed to plead facts plausibly establishing, among other things, that Defendants' actions had an effect – as they must, to state a viable claim – on the market "as a whole."   App'x at xvi (internal quotation marks omitted).   We agree.

"To prove a Sherman Act violation," a plaintiff "must establish [that] (1) a contract, combination, or conspiracy exists that (2) unreasonably restrains trade." *1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 114 (2d Cir. 2021).   And to prove a conspiracy to restrain trade, a plaintiff "bears the initial burden of showing that the challenged action has had [or would have] an actual adverse effect on competition *as a whole* in the relevant market."   *Id.* (emphasis added).   Plaintiffs fail to plausibly allege such a material effect – at most, they assert that their former consultants' actions temporarily prevented them from bidding on government contracts; they do not allege facts that plausibly establish that this interruption had

7

any effect whatsoever on the competitive nature of the relevant market "as a whole." *Id.* Nor do they advance any argument on appeal that they *did* allege such facts.

Instead, Plaintiffs contend that the district court should have found a *per se* violation of the Sherman Act because the former consultants' acts "would always or almost always tend to restrict competition and decrease output." Plaintiffs Br. at 37 (quoting *Broadcast Music, Inc. v. CBS*, 441 U.S. 1, 19–20 (1979)). But "even if true, that would merely establish harm to [Plaintiffs' business], not harm to competition in the market *as a whole.*" *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 187 (2d Cir. 2016) (emphasis added) ("'Because the antitrust laws protect competition, not competitors,' a plaintiff must show that more than its own business suffered; it must ultimately show that the challenged action harmed consumers." (alteration adopted) (quoting *Clorox Co. v. Sterling Winthrop, Inc.*, 117 F.3d 50, 57 (2d Cir. 1997))). Accordingly, we affirm the district court's dismissal of this federal law claim too.

## II.     The District Court Did Not Abuse Its Discretion When It Declined To Exercise Supplemental Jurisdiction.

After dismissing Plaintiffs' federal claims, the district court declined to exercise supplemental jurisdiction over their remaining state law claims. "This

Court reviews for abuse of discretion a district court's decision declining to exercise supplemental jurisdiction." *Haran v. Orange Bus. Servs., Inc.*, 160 F.4th 51, 60 (2d Cir. 2025) (internal quotation marks omitted). We have long held that district courts do "not err in declining to exercise supplemental jurisdiction over any state law claim" where there are no viable federal law claims, particularly at this early stage of the litigation. *Russo v. Patchogue-Medford Sch. Dist.*, 129 F.4th 182, 187 (2d Cir. 2025); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citation omitted)); 28 U.S.C. § 1367. We see – and Plaintiffs advance – no argument for departing from that rule. Accordingly, we affirm the district court's discretionary decision to not exercise supplemental jurisdiction.

\*     \*     \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9