*Wright v. Brooklyn Hospital Center*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-six.

PRESENT:
        SUSAN L. CARNEY,
        BETH ROBINSON,
        MYRNA PÉREZ,
            *Circuit Judges.*

_____

GARFIELD WRIGHT,

      *Plaintiff-Appellant,*

         v.                              No. 24-2632

THE BROOKLYN HOSPITAL CENTER,

      *Defendant-Appellee,*

GARY G. TERRINONI, VASANTHA K. KONDAMUDI, SAM J. AMIFAR, ROBERT AULICINO, STACY A. FRIEDMAN, JUDY MCLAUGHLIN, GUY MENNONNA, LENNY H. SINGLETARY III,

SHARON WICKES, ARMAND P. ASARIAN, JOHN J. FERRARA, KIM C. FLODIN, JAMES GASPERINO, LEONID GORELIK, SHARON M. LAWSON-DAVIS, DEAN LINDSEY, KAREN MILANO, DONALD P. MINARCIK, DEBORAH NIEDERHOFFER, EGONDU ONUOHA, AILEEN TANAFRANCA, JOHN WALSH, PAUL Y. WONG, TOM FOLEY, FRANKY GOLDSBERRY,

     *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:          Garfield Wright, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:          Barbara E. Hoey, Kelley Drye & Warren LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of dismissal entered on September 18, 2024, is **AFFIRMED**.

Garfield Wright, representing himself, appeals the district court's judgment granting the Brooklyn Hospital Center's ("the Hospital") motion to dismiss the complaint for failure to state a claim under Title VII of the Civil Rights Act. Wright sued the Hospital, alleging it had violated Title VII by terminating his employment as a housekeeper after he refused on the basis of his religious beliefs to take the

2

COVID-19 vaccine. The Hospital moved to dismiss the complaint, asserting that granting Wright's request for an exemption would have imposed an undue hardship by requiring it to violate state law. The district court granted the Hospital's motion and dismissed Wright's complaint with prejudice. *See Wright v. Brooklyn Hospital Center*, No. 23-CV-856, 2024 WL 4216399, at *4 (E.D.N.Y. Sept. 17, 2024). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) without deference, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023).[1] To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Title VII prohibits employers from terminating an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e–2(a)(1). To prove religious

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

3

discrimination, employees must show "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Connecticut Department of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001).

If an employee establishes the first two threshold elements, an employer must provide a reasonable accommodation for an employee's religious practice "unless doing so would cause the employer to suffer an undue hardship." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006); *see also Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("[W]hen an employee has a genuine religious practice that conflicts with a requirement of employment, his or her employer, once notified, must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship."). An undue hardship exists where a proposed accommodation results in "a burden [that] is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). Critically, a proposed accommodation that would require an employer to violate the law constitutes an undue hardship. *Russo v. Patchogue-Medford School District*, 129 F.4th 182, 186 (2d Cir. 2025).

Undue hardship is an affirmative defense to a claim of failure to accommodate an employee's religious needs. *Ansonia Board of Education v. Philbrook*, 479 U.S. 60, 68 (1986) ("The employer violates the statute unless it demonstrates that it is unable to reasonably accommodate an employee's religious observance or practice without undue hardship on the conduct of the employer's business."); *Knight*, 275 F.3d at 167 (explaining that if an employee establishes a threshold case, "the burden then shifts to the employer to show it could not accommodate the employees' religious beliefs without undue hardship"). For that reason, a court may dismiss a failure-to-accommodate claim on a motion to dismiss only if the facts establishing undue hardship are clear from the face of the complaint. *See Iowa Public Employees' Retirement System v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010).

Here, Wright's complaint alleges the essential threshold elements of a Title VII religious discrimination claim: that he had a sincere religious belief that conflicted with an employment requirement, he informed his employer, and he was disciplined for failing to comply with the employment requirement. *Knight*, 275 F.3d at 167.

But the district court did not err in granting the Hospital's motion to dismiss because it is apparent on the face of the complaint that accommodating Wright's request for a religious exemption would have required the Hospital to violate state law. At the time Wright was fired, a state vaccine mandate required all "[c]overed entities," including hospitals, to "continuously require personnel to be fully vaccinated against COVID-19." 10 N.Y.C.R.R. § 2.61(c) (repealed Oct. 4, 2023). "Personnel" was defined to include employees "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61(a)(2). The mandate did not provide for religious exemptions. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) ("[I]f a medically eligible employee's work assignments mean that she qualifies as 'personnel,' she is covered by the [state vaccine mandate] and her employer must 'continuously require' that she is vaccinated against COVID-19."). *Cf.* 10 N.Y.C.R.R. § 2.61(d)(1) (noting an exemption from the vaccination requirement due to certain medical conditions).

Wright acknowledges that he was a covered employee under the state mandate. But he argues that the Hospital should have proposed an accommodation, such as masking, testing, or reassignment to other Environmental

Services duties, that would remove him from the scope of the state mandate. However, he did not allege that he ever requested these accommodations, and given that state law required employees to be vaccinated with no exceptions for masking or testing, these proposed accommodations would have required the hospital to violate state law and thus would have imposed an undue hardship. *See Russo*, 129 F.4th at 186.

* * *

Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7