25-811-cv
*Parks v. Montefiore Med. Ctr.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

BRYANT E. PARKS,

> *Plaintiff-Appellant*,

v.

MONTEFIORE MEDICAL CENTER,

> *Defendant-Appellee.*

25-811

---

For Plaintiff-Appellant:            Bryant E. Parks, *pro se*, New York, NY

For Defendant-Appellee:            Emily Haigh, Joseph E. Field, Littler Mendelson P.C., New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

1

Bryant Parks, proceeding *pro se*, appeals from the district court's judgment dismissing his amended complaint and its order denying reconsideration. Parks sued his former employer, Montefiore Medical Center ("Montefiore"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging that he was denied an accommodation and fired from his security guard position after he refused on religious grounds to be vaccinated against COVID-19. Montefiore moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Parks's request to continue working would pose an undue hardship by forcing the hospital to violate a statewide vaccine mandate. The district court granted the motion to dismiss, concluding that Parks's request would result in undue hardship and that Parks never requested any specific accommodation. *See Parks v. Montefiore Med. Ctr.,* No. 23-CV-4945 (JPO), 2025 WL 370830, at *2–3 (S.D.N.Y. Feb. 3, 2025).[1] Parks moved to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and the district court denied the motion. We assume the parties' familiarity with the case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

"We review the district court's ruling on a Rule 59(e) motion [to amend the judgment] for abuse of discretion." *Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 233 (2d Cir. 2024). "A court abuses its discretion in ruling on such a motion if its decision either rests on an error of law or a clearly erroneous finding of fact, or cannot be located within the range of permissible decisions." *Id.*

Because Parks "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court properly dismissed Parks's failure-to-accommodate claim. To make out a prima facie case of religious discrimination under Title VII, plaintiffs "must show that (1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006). "Once a prima facie case is established by the employee, the employer must offer him or her a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Id.* At the Title VII pleading stage, a plaintiff is not required "to plead facts establishing a prima facie case," but must allege a plausible claim. *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023). Because undue hardship is an affirmative defense, it may be raised in a pre-answer motion to dismiss only if the defense appears on the face of the complaint. *See Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (discussing affirmative defenses generally).

Even assuming that Parks had pled a plausible claim of discrimination, the district court properly concluded that granting Parks a religious exemption from the COVID-19 vaccine

3

requirement would have placed an undue hardship on Montefiore. A proposed accommodation constitutes an "undue hardship" when it poses "a burden [that] is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). At the time Parks was fired, a state vaccine mandate required all "[c]overed entities," like the hospital, to "continuously require personnel to be fully vaccinated against COVID-19." 10 N.Y.C.R.R. § 2.61(a)(1), (c) (2021). "Personnel" was defined to include employees "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61(a)(2). Under this mandate, employers could not provide religious exemptions to employees who fit § 2.61's definition of personnel. *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021).

We have held that "an accommodation that would require an employer to violate the law imposes an undue hardship." *Russo v. Patchogue-Medford Sch. Dist.*, 129 F.4th 182, 186 (2d Cir. 2025). Accordingly, because the vaccine requirement was mandated by state law and Parks does not dispute that his position as a security guard placed him within the mandate's definition of personnel, exempting Parks from the vaccine requirement would have imposed an undue hardship on his employer. *See id.*

Parks argues that Montefiore should have proposed accommodations, like masking and testing, or reassignment to a remote role or position with no in-person interaction. However, for the reasons set forth above, masking or testing would not have been a reasonable accommodation, given that state law required employees in Parks's role to be vaccinated. *See We the Patriots USA, Inc.*, 17 F.4th at 370. As to his contention that Montefiore should have reassigned him, Parks did not request reassignment, and the amended complaint and Parks's other submissions show that the only accommodation he requested was an exemption from the vaccine requirement. As discussed

4

above, such an exemption would have placed an undue hardship on Montefiore. *See Russo*, 129 F.4th at 186.

Parks asserts that Montefiore was required to engage in an interactive process and that the burden was not on him to request a specific accommodation. Although we have not specifically addressed the requirements for an employer to engage in an interactive process for religious accommodation claims, in analogous disability-accommodations cases under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, "there is no valid independent claim . . . for failure to engage in an interactive process." *See Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017). "[A]n employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination and that the employer has refused to make a reasonable accommodation." *Id.* But "[e]ven where the employer has refused to interact with the claimant, a violation of the ADA requires a showing of . . . the existence of a reasonable accommodation." *Id.*

Parks has not plausibly alleged that a reasonable accommodation existed for his position as a security guard. Though he alleged that remote work was possible, he did not allege any facts showing that such positions existed at Montefiore. And a reasonable accommodation does not require an employer to create a new position for the affected employee. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006).

We have considered Parks's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5