24-3314-cv
*Mercer v. ViacomCBS/Paramount*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.*[*]

---

Amirah Mercer,

> *Plaintiff-Appellant,*
>
> v.                                                                    24-3314

ViacomCBS/Paramount,

> *Defendant-Appellee.*

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                          AMIRAH MERCER, pro se, Reisterstown, MD.

FOR DEFENDANT-APPELLEE:                          MARJORIE B. KULAK, Kauff McGuire & Margolis LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Amirah Mercer, pro se, appeals from the judgment of the district court dismissing her employment discrimination action against her former employer ViacomCBS/Paramount ("ViacomCBS"). Mercer alleged that ViacomCBS discriminated against her on the basis of disability and religion when the company denied her exemptions to the COVID-19 vaccination policy and subsequently terminated her after she did not receive the COVID-19 vaccine. She invoked the Americans with Disabilities Act ("ADA"), Title VII, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the Genetic Information Nondiscrimination Act ("GINA"). ViacomCBS moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mercer's second amended complaint.

The district court granted the motion, concluding that Mercer failed to exhaust her administrative remedies for her claims of religious discrimination and retaliation and failed to plausibly allege that she was disabled. *See Mercer v. ViacomCBS/Paramount*, No. 22-CV-6322, 2024 WL 3553133 (S.D.N.Y. Jul. 26, 2024). The district court denied her request for leave to file her proposed third amended complaint. *See Mercer v. ViacomCBS/Paramount*, No. 22-CV-6322, 2024 WL 4635328 (S.D.N.Y. Oct. 30, 2024). We

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

At the outset, ViacomCBS is incorrect that Mercer failed to timely appeal. Because the district court never entered separate judgment, Mercer had 180 days to appeal from the order of the district court dismissing the case, which was entered on October 30, 2024. *See* Fed. R. App. P. 4(a)(7)(A)(ii). Mercer's notice of appeal was timely filed on December 19, 2024.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *DirecTV, LLC v. Nexstar Media Grp., Inc.*, 162 F.4th 295, 306 (2d Cir. 2025) (quoting *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 19 F.4th 127, 137 (2d Cir. 2021)). "We liberally construe pleadings and briefs submitted by pro se litigants" such as Mercer, "reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

**I**

Mercer failed to state a claim for disability discrimination under the ADA, the NYSHRL, and the NYCHRL. To establish a claim of disability discrimination under these statutes, a plaintiff must show, among other things, that she was disabled within the meaning of the statutes. *See* 42 U.S.C. § 12112(a); N.Y. Exec. Law § 296(a); N.Y.C. Admin. Law § 8-107(1); *see also Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

Mercer did not plausibly allege that she was disabled. Her allegations of disability relied entirely on an "Affidavit of Tribal Medical Contraindication to Vaccine," which she

---

[1] The district court also concluded that Mercer failed to state a claim under the Rehabilitation Act, OSHA, the CDC Guidelines, 42 U.S.C. § 1983, and 18 U.S.C. § 242. Because Mercer's appellate brief does not challenge these conclusions, she has abandoned the issues on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). She has also abandoned any religious discrimination claims under the NYSHRL and the NYCHRL because her brief discusses those statutes only with respect to her claims of disability discrimination. *See id.*

had submitted to ViacomCBS in seeking a medical exemption and attached to her second amended complaint. Appellant's Br. 22; Supp. App'x 59.[2] That document stated that Mercer's "genetic bio-variance could cause massive allergic reaction to mRNA complimentary modified dna in vaccine and induce massive receptor membrane changes that impact the HLA/MHC formation of the client that adversely impacts client's immunity permanently and client['s] future offspring." Appellant's Br. 22; Supp. App'x 59.

The document did not support a reasonable inference that its conclusions about Mercer's genetics reflected the considered opinion of a physician. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Our conclusion that Mercer's allegations of disability are factually unsupported is buttressed by her own admissions. In an initial inquiry form filed with the Equal Employment Opportunity Commission, Mercer responded to a question asking whether she had a disability by stating that "I do not have a disability." Appellant's Br. 46; Supp. App'x 61. In the formal "Charge of Discrimination" she filed with the EEOC, Mercer did not check the box indicating that she was disabled. *See* Appellant's Br. 52; Supp. App'x 64.

Mercer did not plausibly allege that the Affidavit of Tribal Medical Contraindication to Vaccine reflected an authentic medical diagnosis of a genetic predisposition to a vaccine allergy. Indeed, she explicitly denied having a disability in forms submitted to the government. Because Mercer's allegation that she was disabled lacked factual support, she failed to plausibly allege a claim for disability discrimination under the ADA, the NYSHRL, and the NYCHRL.

---

[2] When citing the Appellant's Brief, we refer to the page number printed in the ECF header. The same document also contains the Appellant's Appendix.

## II

Mercer also failed to state a claim under the GINA. The GINA makes it unlawful for "an employer" to "fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee … because of genetic information with respect to the employee." 42 U.S.C.§ 2000ff-1(a). "The statute defines 'genetic information' as information concerning: (i) an individual's genetic tests; (ii) the genetic tests of an individual's family members; and (iii) … 'the manifestation of a disease or disorder' in an individual's family members." *Russo v. Patchogue-Medford Sch. Dist.*, 129 F.4th 182, 187 n.3 (2d Cir. 2025) (quoting 42 U.S.C. § 2000ff(4)(A)).

As explained above, the Affidavit of Tribal Medical Contraindication did not support a reasonable inference that it reflected the results of a genuine genetic test. And Mercer identified no other genetic information shared with ViacomCBS in her second amended complaint. Mercer therefore failed to plausibly allege a GINA claim.

## III

The district court did not err in concluding that Mercer failed to exhaust her administrative remedies on her Title VII claim of religious discrimination. "Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC … and, before bringing suit, [the claimant] must receive a 'Notice of Right to Sue' letter from the EEOC." *Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 69 (2d Cir. 2006).

The district court concluded that Mercer failed to exhaust her Title VII religious discrimination claim because she made no statements in her official EEOC charge that she was denied a religious exemption or otherwise discriminated against on the basis of her religion. We agree. As the district court noted, Mercer's EEOC charge contained no allegations concerning religious discrimination and identified only a "medical exemption" and "medical documents." Appellant's Br. 52; Supp. App'x 64.

In her initial EEOC Intake Questionnaire, Mercer referenced the fact that ViacomCBS denied her request for a religious exemption. *See* Appellant's Br. 48; Supp. App'x 62. We have said that "[w]hen the Intake Questionnaire manifests intent to have

5

the agency initiate its investigatory processes, the questionnaire can itself constitute a charge of discrimination." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 305 n.2 (2d Cir. 2015). In this case, however, the questionnaire cannot reasonably be construed as evincing an "intent to activate the administrative process." *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 568 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008). It therefore cannot be the basis for exhaustion. Mercer's questionnaire did not exhibit the features that this court previously determined would warrant treating an Intake Questionnaire as a charge. *See id.* at 568-69 (considering the "forceful tone and content" of the employee's affidavit, its explicit request that the EEOC "force [the company] to end [its] age discrimination plan," and the employee's "consent[] to the disclosure of her identity to the employer"). Here, the questionnaire did not instruct the agency to proceed with an investigation or permit it to disclose Mercer's identity. Moreover, in the formal charge she filed with the EEOC, Mercer did not check the box indicating that she was discriminated against on the basis of her religion. Appellant's Br. 52; Supp. App'x 64. As a result, she failed to exhaust her Title VII claim for religious discrimination.

## IV

Mercer failed to state a retaliation claim under the ADA, Title VII, and the NYSHRL. To do so, Mercer needed to allege, among other things, "that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)). "To prove a causal connection, a plaintiff must show that 'but for' the protected activity, the adverse action would not have been taken." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024). "Retaliation claims brought under the NYSHRL … are subject to the same standards as federal claims under Title VII." *Banks v. General Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023).

Mercer failed to plausibly allege that, but for the protected activities in which she allegedly engaged—seeking medical and religious accommodations—she would not have been fired. Email communications referenced in Mercer's complaint revealed that ViacomCBS informed her that she would need either to be vaccinated or to obtain an

6

exemption from the vaccine requirement to remain employed at the company. *See, e.g.*, Supp. App'x 10. Mercer did not meet the deadline to do so, and she was thereafter terminated. Mercer failed to plausibly allege that, but for her requests for religious and medical exemptions, she would not have been fired for lack of compliance with these stated requirements. *See Sharikov*, 103 F.4th at 170-71.

On appeal, Mercer asserts that she raised a claim for "retaliation … in violation of … the New York City Human Rights Law." Appellant's Br. 3. We have indicated that the "but for" causation requirement does not apply to claims brought under the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09, 116 (2d Cir. 2013). But for the reasons outlined above, Mercer has not plausibly alleged that her seeking accommodations played any causal role in her termination.

\* \* \*

We have considered Mercer's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7